IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

MARCUS SHELTON                                                                                    PLAINTIFF

V.                                       5:13CV00308-DPM-JJV

CONNIE HUBBARD                                                                               DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.    The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial

1

evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I.     INTRODUCTION

Plaintiff, Marcus Edward Shelton, filed this *pro se* action pursuant to 42 U.S.C. § 1983. Per his Complaint (Doc. No. 2), he alleges that Defendant Connie Hubbard[1] exhibited deliberate indifference toward his serious medical needs. Defendant Hubbard filed a Motion for Summary Judgment ("Motion") (Doc. No. 14) seeking dismissal of all claims against her. Plaintiff has not filed a response and the Motion is ripe for disposition.

### II.    BACKGROUND

Plaintiff alleges that on or about September 11, 2013, he was prescribed a pain pill to which he had an allergic reaction that caused an "outbreak" across his body (Doc. No. 2 at 4). Plaintiff alleges it took unspecified medical staff[2] an hour and a half to provide him with medication for the reaction (Doc. No. 2 at 4). As a result of his allergic reaction, Plaintiff contends he now suffers regular dizzy spells (*Id.*).

For her part, Defendant Hubbard states that Plaintiff's initial jail screening form dated April 23, 2013, identified no allergies to medication (Doc. No. 16 ¶ 3). She also states the medication -

---

[1]This action initially named both Defendant Hubbard and the Delta Regional Unit as Defendants. The Delta Regional Unit was previously dismissed (Doc. No. 7).

[2]Plaintiff refers to an unspecified 'them' in his Complaint (Doc. No. 2 at 4).

2

Naproxen - was prescribed to alleviate Plaintiff's lower back pain (*Id*. ¶ 5-6). Defendant Hubbard offers medical records indicating Plaintiff began complaining of itching and rashes shortly after taking Naproxen for the first time (Doc. No. 16-1 at 8). Those records indicate a physician was contacted and an antihistamine injection was ordered to treat Plaintiff's reaction (*Id*.). Defendant Hubbard states Plaintiff's Naproxen prescription was then discontinued (Doc. No. 16 ¶ 8).

### III.   SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### IV.   ANALYSIS

In her Brief in Support (Doc. No. 15), Defendant Hubbard argues that Plaintiff's allegations

do not support a claim of deliberate indifference against her. After review of the relevant pleadings, the Court agrees.

The Eighth Amendment, which applies to the States through the Due Process Clause of the Fourteenth Amendment, prohibits the infliction of "cruel and unusual punishments" on those convicted of crimes. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). Deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (deliberate indifference includes intentional interference with prescribed treatment; inadvertent or negligent failure to provide adequate medical care cannot be said to constitute "unnecessary and wanton infliction of pain"). "Deliberate indifference may include intentionally denying or delaying access to medical care, or intentionally interfering with treatment or medication that has been prescribed." *Vaughan v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995). However, "[a] showing of deliberate indifference is greater than gross negligence and requires more than mere disagreement with treatment decisions." *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006).

The United States Court of Appeals for the Eighth Circuit has explained:

> Prison doctors and guards violate the Eighth Amendment when they act with 'deliberate indifference to [an inmate's] serious medical needs.' 'Deliberate indifference' entails a level of culpability equal to the criminal law definition of recklessness, that is, a prison official 'must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.' Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Likewise, an inmate's 'mere disagreement with the course of his medical treatment' fails to state a claim of deliberate indifference.

*Bender v. Regier*, 385 F.3d 1133, 1137 (8th Cir. 2004) (citations omitted).

Defendant Hubbard argues she could not have known Naproxen would cause Plaintiff to have an adverse reaction (Doc. No. 15 at 7). The evidence before the Court supports her contention.

4

Plaintiff's "Jail Medical History And Screening Form" indicates he had no allergies to medication (Doc. No. 16-1 at 5). Moreover, Plaintiff nowhere contends he apprised Defendant Hubbard or another medical provider of medication allergies.

It is unfortunate that Mr. Shelton has suffered an allergic reaction and the Court is sympathetic to his claim. However Plaintiff states, at best, a claim of negligence. And as previously stated, negligence does not rise to the level of constitutional deliberate indifference. So based on the foregoing, the Court finds that no reasonable fact-finder could determine that Defendant Hubbard knew or should have known about Plaintiff's allergy to Naproxen.

In the absence of knowledge that Plaintiff would have an adverse reaction to Naproxen, the Court finds a claim of deliberate indifference against Defendant Hubbard fails. As noted above, a finding of deliberate indifference requires more than negligence and instead demands an official's awareness of facts from which she might infer that a substantial risk of harm exists. *Bender*, 385 F.3d 1137. Defendant Hubbard lacked such awareness of Plaintiff's Naproxen allergy.

Lastly, to the extent Plaintiff alleges that Defendant Hubbard's response to his allergic reaction was delayed, the Court finds that claim also fails. Per his Complaint, Plaintiff alleges that he waited an hour and a half before he was given medication for his Naproxen reaction (Doc. No. 2 at 4). Plaintiff does not specifically name Defendant Hubbard in connection with this delay, and it is unclear if she bears any responsibility for responding to inmate medical emergencies.

Based on the foregoing, the Court finds that Plaintiff's claims against Defendant Hubbard should be dismissed in their entirety.

V.   **CONCLUSION**

IT IS, THEREFORE, RECOMMENDED THAT:

1.   Defendant Hubbard's Motion for Summary Judgment (Doc. No. 14) be GRANTED;

2.	Plaintiff's claims against Defendant Hubbard be DISMISSED with prejudice;

3.	The Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

IT IS SO RECOMMENDED this 28th day of August, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE